**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30440
Summary Calendar

HUGH RIGNEY, JR.,

Plaintiff-Appellant,

versus

ST. JOHN TOWING, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-780-L)

April 15, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Hugh Rigney, Jr. appeals the judgment on the take-nothing jury verdict in this Jones Act litigation based on an accident aboard the M/V LaFOURCHE. The district court granted his motion for judgment as a matter of law on the issue of liability and submitted the issue of damages to the jury. The jury found that Rigney sustained an injury as a result of the accident but awarded nothing in damages.

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Rigney's post-verdict motion for judgment as a matter of law and motion for a new trial, finding that the jury's verdict was supported by substantial evidence. Specifically, the district court found that the evidence was sufficient for the jury to conclude that plaintiff's injuries were not caused by his accident on the M/V LaFOURCHE but, instead, were caused by injuries sustained in his previous jobs and in a prior truck accident.

We review *de novo* the denial of a motion for judgment as a matter of law, applying the same standard as the district court and drawing all reasonable inferences in favor of the non-movant.[1] We review the denial of a motion for new trial for an abuse of discretion.[2] Applying those standards, our review of the records and briefs discloses no reversible error. Accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its order signed March 23, 1998, the judgment appealed is AFFIRMED.

---

[1] **Sharp v. City of Houston**, 164 F.3d 923 (5th Cir. 1999).

[2] **Whitehead v. Food Max of Miss., Inc.**, 163 F.3d 265 (5th Cir. 1998).